**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

---

**JAMES COLUMBIA, II,**
Individually, and on behalf of
himself and all other similarly
situated current and former employees,

Plaintiffs,

NO.   3:18-cv-302-RGJ

**V.**

FLSA Opt-In Collective Action

**FLOWERS FOODS, INC.** and **FLOWERS**
**BAKING CO. OF BARDSTOWN, LLC,**

**JURY DEMANDED**

Defendants

---

**COLLECTIVE ACTION COMPLAINT**

---

COMES now the Plaintiff, James Columbia, II, (hereinafter "Plaintiff") on behalf of himself, individually, and on behalf of himself and those similarly situated as a collective class, and hereby complains as follows against the named Defendants:

## I. INTRODUCTION

1   This is an individual and Collective Action Complaint brought to obtain monetary relief on behalf of the named Plaintiff and those similarly situated who operate(d) as fresh bakery product employees and/or were employees classified as "Distributors" for Defendants, Flowers Foods Inc., and Flowers Baking Co. of Bardstown, LLC, (collectively hereinafter "Flowers Defendants"), who Defendants classified as independent contractors and failed to pay overtime compensation for hours worked in excess of forty (40) hours per week during the class periods.

1

Named Plaintiff alleges violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seeks monetary relief in the form of unpaid overtime compensation, liquidated damages, and other damages for themselves and those similarly situated.

2.   Flowers Defendants employ individuals classified as "Distributors" (such as named Plaintiff and member of the proposed collective class) to deliver fresh baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains). In addition to delivering Flowers Foods' products to their customers, such Distributors stock their products on store shelves, retrieve outdated product, and assemble promotional displays designed and provided by Flowers Defendants and, on the behalf of Flowers Foods.

3.   The FLSA collective group ("Collective Group") consists of all individuals who operate(d) as Distributors for Flowers Defendants, and are or were misclassified as independent contractors (instead of employees) and, who have worked for the Defendant Flowers Baking Company of Bardstown, LLC, at any time during the applicable limitations period. The named Plaintiff, during applicable time periods, has been a member of the proposed Collective Group and brings this collective action on behalf of himself and members of the proposed Collective Group as well as his individual claims, as such.

4.   This action seeks relief for Flowers Defendants' denial to the named Plaintiff and members of the proposed Collective Group of their rights, obligations, privileges, and benefits as employees under the FLSA.

## II. PARTIES

5.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff James Columbia, II has worked as a Distributor for Flowers Defendants in this district during the past three years and, classified as a Distributor for Flowers Defendants. He

performed delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers Defendants. Plaintiff Columbia operated out of a distribution center in this district that is/was owned and run by Defendant Flowers Baking Co. of Bardstown, LLC. Plaintiff Columbia regularly worked in excess of forty (40) hours per week and did not receive overtime premium pay at any time during the class periods. (Plaintiff Columbia's Consent to Join this action is attached hereto as *Exhibit A*).

7.   Defendant Flowers Foods, Inc. (herein "Defendant Flowers Foods") is a Georgia corporation with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757, and the named Plaintiffs' employer" (as that term is defined under the FLSA) during the class periods. In the alternative, Defendant Flowers Foods was named Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein. Defendant Flowers Foods hires individuals it classifies as independent contractors, to distribute its products by delivering them to grocery and other retail stores and stocking the products on store shelves. Defendant Flowers Foods employs such distributors throughout the United States.

8.   Defendant Flowers Baking Co. of Bardstown, LLC, is a Kentucky limited liability company with its principal place of business located at 1755 Parkway Drive, Bardstown, Kentucky 40004. Defendant Flowers Baking Co. of Bardstown, LLC is a wholly owned subsidary of Flowers Foods, Inc., and has been the named Plaintiff's "employer" and, the employer of members of the proposed collective class (as that term is defined under the FLSA), during the class periods.  In the alternative, Defendant Flowers Baking Co. of Bardstown, LLC has been Plaintiff's "joint employer" and/or "integrated employer" and, the "joint employer" and/or "integrated employer" of the members of the proposed collective croup, at all times mentioned herein. Defendant Flowers Baking Co. of Bardstown, LLC hires individuals it

3

classifies as independent contractors, such as the named Plaintiff and other members of the proposed collective class, to deliver and stock its bakery and snack food products.

### III. JURISDICTION AND VENUE

9.  The foregoing paragraphs are incorporated herein as if set forth in their entirety.

10. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

11. Upon information and belief, there are more than 80 members of the proposed Collective Group, and the amount in controversy, in the aggregate, exceeds $3,500,000.00 exclusive of interest and costs.

12. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

13. Named Plaintiff brings this action, individually and, on behalf of himself and members of the proposed collective class as a Collective action under the FLSA.

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS

14. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

15. Named Plaintiff brings Cause of Action-Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all members of the proposed collective class. This collective class is defined as:

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Distributors for Defendants under an agreement with Flowers Baking Co. of Bardstown, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Position") anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

The collective class also includes the named Plaintiff in this action. Named Plaintiff reserves

the right to modify this definition prior to conditional certification of the proposed Collective Group.

16. The named Plaintiff, along with current and former employees of Flowers Defendants in Covered Positions (the proposed collective class) are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Flowers Defendants' common practice, policy, or plan of controlling their daily job functions.

17. Flowers Defendants have regularly and routinely forced, required, expected, induced and, suffered and permitted, the named Plaintiff and members of the proposed collective class to work more than 40 hours per week within weekly pay periods during the class periods, without being paid overtime compensation.

18. Upon information and belief, Flowers Defendants knew the named Plaintiff and members of the proposed collective class performed work that required overtime pay but failed to pay them their earned overtime compensation.

19. Flowers Defendants have therefore operated under a scheme to deprive the named Plaintiff and members of the proposed collective class of overtime compensation by failing to properly compensate them for all overtime worked.

20. Flowers Defendants' conduct and violations of the FLSA, as set forth in this Complaint, were willful and has caused significant damages to the named Plaintiff and members of the proposed collective class.

21. Flowers Defendants did not have a good faith basis for its conduct and violations of the FLSA, as set forth in this Complaint.

22. Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the Act because the claims of

the named Plaintiff are similar to the claims of current and former "independent contractors" (other members of the proposed collective class) who have worked for Flowers Defendants during the class periods. Thus, the named Plaintiff should be permitted to bring this action as a collective action on behalf of himself and those similarly situated individuals pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

23. Defendants are liable under the FLSA for failing to properly compensate the named Plaintiff and all other similarly situated individuals (members of the proposed collective class) for unpaid overtime compensation and notice of this lawsuit should be sent to all such similarly situated individuals. Those similarly situated individuals (members of the proposed collective class) are known to Flowers Defendants and are readily identifiable though their payroll and other personnel records.

## V. STATEMENT OF FACTS

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Defendant Flowers Foods is a corporation whose business consists of distributing bakery and snack food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities integrating Collective Group members into that existing network of operations. Upon information and belief, at least one of Defendant Flowers Foods' bakeries and several of its warehouses are operated by Defendant Flowers Baking Co. of Bardstown, LLC.

26. Defendant Flowers Foods, by and through its subsidiaries such as Defendant Flowers Baking Co. of Bardstown, LLC, ships bakery and snack products to warehouses and distributors. As such, the named Plaintiff and members of the proposed collective class arrive at their designated warehouse early in the morning and load their vehicles with the Flowers Defendants'

products.

27. The Distributors (including the named Plaintiff and members of the proposed collective class) then deliver the product to Defendants' retailer-customers at the time and place specified by Flowers Defendants.

28. The distribution agreement between Flowers Defendants and its distributors (including the named Plaintiffs and members of the proposed collective class) has no specific end date and can be terminated by either party at any time with limited notice.

29. Defendant Flowers Foods markets it bakery and snack products to retailers such as Wal-Mart, Target, Dollar General, and other grocery stores and mass merchants.  Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including, *inter alia*:

   a.      Prices for products;

   b.      Product selection;

   c.      Promotional pricing for products;

   d.      The right to display promotional materials;

   e.      Service and delivery agreements;

   f.      Shelf space to display products;

   g.      Advertisements in retailers' newspaper ads; and

   h.      Virtually every other term of the arrangement.

30. In some cases during the class periods Defendant Flowers Foods has negotiated and agreed with retailers and fast food restaurants to manufacture and distribute their store brand's (or private label) bread products.

31. Also during the class periods, Defendant Flowers Foods negotiated the above terms

for fresh-baked bread and snack products (which are distributed by the named Plaintiffs and members of the proposed collective class) at the same time as it negotiated terms for its shelf-stable snack products (which are not distributed by the named Plaintiffs and members of the proposed collective class). The result is the job duties and ability to earn income by the named Plaintiff and members of the proposed collective class has been tied directly to the sale and promotion of products outside of their control.

32. The relationship of the named Plaintiff and each member of the proposed collective class with Defendants is essentially the same in all material respects.

33. The named Plaintiff and members of the proposed collective class strictly were required to follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer customers.

34. During the class periods the named Plaintiff and members of the proposed collective class used Flowers Defendants' hand-held computers to log the delivery, and billed Flowers Defendants' customers using the data entered into the computers by the distributors. The terms of the sale were negotiated between Flowers Defendants and their respective retailer-customers,

35. During the class periods the named Plaintiff and members of the proposed collective class placed Flowers Defendants' products on the retailer-customers' shelves, removed stale or rejected product, and organized the retailer-customers' display shelf. If Flowers Defendants were running a sale or promotion, named Plaintiff and members of the proposed collective class also constructed and stocked the promotional displays. Flowers Defendants usually reimbursed Plaintiff and members of the proposed collective class for up to eight percent of stale or rejected product as part of their compensation.

36. Flowers Defendants represented to the named Plaintiff and members of the proposed

8

collective class they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

37. Nonetheless, Flowers Defendants denied the named Plaintiff and members of the proposed collective class the benefits of ownership and entrepreneurial skill by retaining and exercising the following rights, *inter alia*:

> a. The right to negotiate the wholesale price for the purchase and sale of products;
>
> b. The right to negotiate shelf space in the stores in the Distributors' territory;
>
> c. The right to negotiate the retail sale price for products;
>
> d. The right to establish all sales and promotions,
>
> e. The right to withhold pay for certain specified expenses;
>
> f. The right to unilaterally terminate the employment relationship;
>
> g. The right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;
>
> h. The right to assign delivery stops to each Distributor in a particular order and require Distributors to get approval for following a different order;
>
> i. The right to discipline Distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off work, refusing a specific order to deliver a product to a particular store at a particular time, or not being able to make deliveries during certain times.
>
> j. The right to handle customer complaints against the Distributors and to take

disciplinary action;

        k   The right to unilaterally vary the standards, guidelines, and operating procedures; and

        l. Various other rights reserved by Defendants.

38. During the class periods the named Plaintiff and members of the proposed collective class were required to accept Flowers Defendants' conditions of employment or face termination.

39. Flowers Defendants not only retained the rights listed net above, but exercised the rights as well.

40. The named Plaintiff and members of the proposed collective class received W-2 forms at the end of the year, representing and acknowledging they were being paid as employees.

41. During the class periods Flowers Defendants routinely modified the product orders of the named Plaintiff and members of the proposed collective class as a means to increase the amount of the order. If the named Plaintiff and members of the proposed collective class were to refuse the additional product, Flowers Defendants nonetheless would bill them for the product and deduct the cost from their wages.

42. At all times material to this action, Flowers Defendants controlled the opportunity for profit or loss of the named Plaintiff and members of the proposed collective class, both by controlling wholesale pricing and negotiating retail pricing. Specifically, Flowers Defendants negotiated the sale of all products with major retailers.  The named Plaintiff and members of the proposed collective class then delivered the products to store locations per the agreement between Flowers Defendants and respective retailers.

43. The named Plaintiff and members of the proposed collective class lacked discretion

as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work, during the class periods.

44. The named Plaintiff and members of the proposed collective class had low cost in terms of investing in equipment, etc. relative to their distribution duties during the class periods.

45. Flowers Defendants provided the named Plaintiff and members of the proposed collective class with computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity during the class periods.

46. Flowers Defendants arranged for insurance and vehicle financing on behalf of the named Plaintiff and members of the proposed collective class at all times material to this action. Their insurance premiums, in turn, were paid with a deduction from their wages.

47. At all times material, territories for the named Plaintiff and members of the proposed collective class were supposed to be exclusive to each of them. However, Flowers Defendants retained and exercised the right to enter and negotiate with the respective Distributor's stores in any territory.

48. During the class periods, the job duties performed by the named Plaintiff and members of the proposed collective class did not require any specialized skills.

49. The named Plaintiff and members of the proposed collective class were denied the rights and benefits of employment with Flowers Defendants including, but not limited to, overtime premium wages, because they were misclassified as non-employees, at all times material herein.

50. During the class periods, the named Plaintiff and members of the proposed collective

class incurred expenses for equipment, insurance, product loss, product return, and other expenses that Flowers Defendants required them to purchase, or that was necessary for their work.

51. The named Plaintiff typically worked more than 50 hours or more within seven-day work weeks during the class periods for which neither the named Plaintiff nor, upon information and belief, members of the proposed collective class received overtime premium wages.

52. Flowers Defendants' mischaracterization of the named Plaintiff and members of the proposed collective class, the concealment or non-disclosure of the true nature of the relationship between them and Defendants, and the attendant deprivation of substantial rights and benefits of employment during the class periods have been a part of an on-going unlawful practice by Flowers Defendants.

## VI. CAUSE(S) OF ACTION

### COUNT I

FAILURE TO PAY OVERTIME TO THE PLAINTIFFS INDIVIUALLY AND
ON BEHALF OF THE COLLECTIVE GROUP (FLSA, 29 U.S.C. §§ 201, et seq.)

53. Plaintiff Columbia re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

54. Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

55. There are no exemptions applicable to the named Plaintiff or to members of the

proposed collective class.

56. For purposes of the FLSA, the employment practices of Flowers Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendants conduct business.

57. The named Plaintiff and other members of the proposed collective class worked more than 40 hours per week within weekly pay periods during the class periods, but did not receive overtime pay for such overtime hours.

58. Upon information and belief, at all times relevant hereto, Flowers Defendants have had annual gross operating revenues well in excess of $500,000.00.

59. In committing the aforementioned wrongful acts in violation of the FLSA, Flowers Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to the named Plaintiff and other members of the proposed collective class.

60. In committing the aforementioned wrongful acts in violation of the FLSA, Flowers Defendants acted without a good faith basis.

61. As a result of Flowers Defendants' failure to pay overtime premium wages to the named Plaintiff and members of the proposed collective class, the named Plaintiff and those similarly situated have been damaged in an amount to be proved at trial.

62. Therefore, the named Plaintiff demand he and other members of the proposed collective class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week during the class periods for which they were not so compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief on behalf of himself, all members of the collective class, and all other similarly situated individuals:

a. That the Court certify this lawsuit as an opt-in collective action under 29 U.S.C. § 216(b);

b. That the Court declare the rights and duties of the parties consistent with the relief sought by the named Plaintiff;

c. That the Court award the named Plaintiff and members of the collective class compensatory damages (back pay) and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

d. That the Court award the named Plaintiff and members of the collective class reasonable attorney's fees, costs, and expenses;

e. That the Court order the Defendants to make the named Plaintiff and the collective class members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

f. That the Court award the named Plaintiff and the collective class members such additional relief as the interests of justice may require;

h. That a jury be impaneled to try this cause.

Respectfully Submitted,

/s/ Lori Keen
Lori Keen (KY BPR #90250)
Attorney at Law
26 North 2nd St.
Memphis, TN 38103
(901) 527-4673
lkeen@gwtclaw.com


Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
gjackson@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com

&

Michael L. Weinman* (TN BPR #015074)
**WEINMAN & ASSOCIATES**
101 N. Highland Ave.
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
mike@weinmanthomas.com


*Admission Pro Hac Vice Anticipated

Attorneys for the Named Plaintiff, on behalf of
himself and all other similarly situated current
and former employees

15