# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| BRADLEY ROBBINS, MATTHEW GREEN, SAM HALL, JAMES HOUSE, JOHN RARY, KEITH FARR, JAMES COLUMBIA, THOMAS BRYANT, ANDREW HUBBARD, LARRY PATRICK, THOMAS BERNARD, GREGORY MARTIN, ANTHONY EDMONDS, GARY RUDOLPH, RICHARD REECE, KEVIN BRYANT, STEVEN LONG, JUSTIN DICKENS, ADAM HOOPER, KEVIN WINE, AND JACY BOOTH, Individually, and on behalf of all others similarly-situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> FLOWERS FOODS, INC.; FLOWERS BAKING CO. OF BIRMINGHAM, LLC; FLOWERS BAKING CO. OF GADSDEN, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF DENTON, LLC; FLOWERS BAKING CO. OF NEW ORLEANS, LLC; FLOWERS BAKING CO. OF BATON ROUGE, LLC; FLOWERS BAKING CO. OF OPELIKA, LLC; FLOWERS BAKING CO. OF BARDSTOWN, LLC; FLOWERS BAKING CO. OF BATESVILLE, LLC; FLOWERS BAKING CO. OF JAMESTOWN, LLC; FLOWERS BAKING CO. OF KNOXVILLE, LLC; FLOWERS BAKING CO. OF MORRISTOWN, LLC; FLOWERS BAKING CO. OF LYNCHBURG, LLC; and FLOWERS BAKING CO. OF LENEXA, LLC, <br><br> **Defendants.** | Case  1:19-cv-01021-STA-egb |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND CERTIFICATION UNDER 29 U.S.C. § 216(B) FOR SETTLEMENT PURPOSES**

1

Before the Court is the parties' Joint Motion for Approval of FLSA Settlement and Certification under 29 U.S.C. § 216(b) for Settlement Purposes ("Joint Motion for Approval"). After reviewing the Joint Motion for Approval, and for good cause shown, the Court hereby **GRANTS** the parties' Joint Motion for Approval and approves the parties' proposed settlement.

Where parties settle or compromise a Fair Labor Standards Act ("FLSA") claim, the parties must seek court approval for the proposed settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id*. at 1353-54. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id.* at 1353 n.8. "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc*., 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (*citing* 29 U.S.C. §§ 206, 207)). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores*, 679 F.2d at 1354.

Having reviewed the terms of the settlement here, the Court determines that the settlement is both fair and reasonable and was reached after substantial negotiations between counsel for all parties with the assistance of a highly-experienced mediator. Defendants have agreed to a total settlement fund of $9 million. Counsel explained at the hearing on the joint motion that the putative class numbers more than 900 potential plaintiffs who collectively worked approximately 100,000 weeks between 2015 and 2018. According to counsel, each plaintiff will be entitled to

recover about $50 for each week worked. Counsel for Plaintiffs will receive a total fee award of $3.6 million.[1] Both parties believe the agreement to be fair and reasonable, which weighs in favor of approval.

Further, after having reviewed the terms of the settlement here, the Court grants collective action certification of this action pursuant to 29 U.S.C. § 216(b) for purposes of sending the Collective Action Settlement Notices (Exhibits 7 and 8 to the Settlement Agreement) to Class Members.[2] The Court finds that the Settlement Notices meet the requirements of due process, constitute the best practicable notice under the circumstances, and are reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action and their rights to participate. As such, the Court directs that the Settlement Claims Administrator send the Collective Action Settlement Notices, and accompanying Claim Form and Releases (Exhibits 4 and 5 to the Settlement Agreement), along with the Amendment for Current Distributor Class Members (Exhibit 3 to the Settlement Agreement) to all Class Members within fifteen (15) business days of the date of this Order. The Claim Form and Releases shall be due sixty (60) days thereafter. The Parties are otherwise directed to perform in accordance with the terms of the Settlement Agreement.

Accordingly, the Court **GRANTS** the parties' Joint Motion for Approval.

---

[1] Counsel for Plaintiffs reported at the hearing that they have somewhere between four thousand and five thousand hours of time over the last two years in the twelve pending civil suits. Under the lodestar method, this yields an hourly rate of $720, a rate that the Court finds is excessive for this legal market. Nevertheless, the attorney's fee represents 40 percent of the total recovery, which the Court finds is reasonable.

[2] The Court adopts and incorporates by reference the definition of the capitalized terms set forth in the Settlement Agreement.

3

**IT IS SO ORDERED.**

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          CHIEF UNITED STATES DISTRICT JUDGE

          Date:  February 27, 2019